NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JAC 15-786

STATE IN THE INTEREST OF A. R.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 27423
HONORABLE LILYNN CUTRER, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

APPEAL DISMISSED. DECLINATORY EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION AND PEREMPTORY EXCEPTION OF PRESCRIPTION ARE RENDERED MOOT.

**Larry Edward Pichon**
**Attorney at Law**
**330 Alamo Street, Suite G**
**Lake Charles, Louisiana  70601**
**(337) 439-3073**
**COUNSEL FOR APPELLANT:**
  **C. R. (mother)**

**Thomas Walter Sanders, Jr.**
**Department of Children & Family Services**
**1919 Kirkman Street**
**Lake Charles, Louisiana  70601**
**(337) 491-2067**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana, Department ofChildren & Family Services**

**Tony Fazzio**
**Assistant District Attorney**
**901 Lakeshore Drive**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana, Department ofChildren & Family Services**

**Ann McSpadden**
**Attorney at Law**
**One Lakeshore Drive, Suite 1585**
**Lake Charles, Louisiana  70629**
**(337) 491-2461**
**COUNSEL FOR APPELLEE:**
  **A. R. (child)**

**B. R. (father)**
**In Proper Person**
**4314 Highway 275, Lot 43**
**Sulphur, Louisiana  70663**
**COUNSEL FOR APPELLEE:**
  **B. R. (father)**

**CONERY, Judge.**

In this child in need of care case (CINC), C.R.[1], the biological mother of A.R., appeals the trial court's adjudication judgment finding her child A.R. to be a "Physically Abused Child In Need of Care." On appeal, the State of Louisiana Department of Children and Family Services (DCFS) has filed a Declinatory Exception of Lack of Subject Matter Jurisdiction and a Peremptory Exception of Prescription.

For the following reasons, we find that this court does not have appellate jurisdiction over an appeal of an adjudication judgment[2] and dismiss the appeal. DCFS's exception of lack of subject matter jurisdiction and exception of prescription are rendered moot.

## FACTS AND PROCEDURAL HISTORY

On March 17, 2015, A.R. was removed from the custody of her mother C.R. in accordance with an instanter order signed March 18, 2015. On May 5, 2015, at the close of the adjudication, the trial court adjudicated A.R. a "Physically Abused Child In Need of Care." The trial court signed an adjudication judgment on May 11, 2015, from which C.R. appeals.

This court has appellate jurisdiction over all matters appealed from juvenile courts. La.Const. art. V, § 10(A)(2). Louisiana Children's Code Article 330 specifies the rulings that may be appealed and provides as follows:

---

[1] Pursuant to Uniform Rules–Courts of Appeal, Rules 5-1 and 5-2, the initials of the parties will be used to protect and maintain the privacy of the minor children involved in the proceeding.

[2] Our supervisory jurisdiction may be exercised upon proper and timely filing of an appropriate writ. La.Ch.Code art. 338 and Uniform Rules—Courts of Appeal, Rule 4–3.

A. An appeal may be taken from any final judgment of a court and shall be to the appropriate court of appeal.

B. In delinquency proceedings pursuant to Title VIII, *child in need of care proceedings pursuant to Title VI*, and families in need of services proceedings pursuant to Title VII, *an appeal may be taken only after a judgment of disposition. The appeal shall include all errors assigned concerning the adjudication and disposition.*

(Emphasis added.)

Louisiana Children's Code Article 678 governs the requirements for a judgment of disposition and provides in pertinent part, "A. Prior to entering a judgment of disposition, the court shall conduct a disposition hearing. B. The disposition hearing may be conducted immediately after the adjudication and shall be conducted within thirty days after the adjudication."

C.R. has appealed the adjudication judgment dated May 11, 2015. The record before this court does not contain a judgment of disposition as required by La.Ch.Code art. 330. Without a judgment of disposition, we are without appellate jurisdiction to review the trial court's ruling in its adjudication judgment on appeal. Once the trial court issues a judgment of disposition, the appeal taken "*shall include all errors assigned concerning the adjudication and disposition.*" La.Ch.Code art. 330.

## CONCLUSION

For the forgoing reasons, C.R.'s appeal of the trial court's adjudication judgment is dismissed. The Declinatory Exception of Lack of Subject Matter Jurisdiction and a Peremptory Exception of Prescription filed on behalf of the State of Louisiana, Department of Children and Family Services are rendered moot. All costs of this appeal are assessed to C.R.

**APPEAL DISMISSED. DECLINATORY EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION AND PEREMPTORY EXCEPTION OF PRESCRIPTION ARE RENDERED MOOT.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.** Uniform Rules—Courts of Appeal, Rule 2–16.3.